This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39158**

**RENE LIRA,**

Plaintiff-Appellee,

v.

**GOMEZ SERVICES,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Jason M. Jaramillo, Metropolitan Court Judge**

Rene Lira
Albuquerque, NM

Pro Se Appellee

Timothy M. Padilla
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Gomez Services appeals from the metropolitan court's judgment awarding Plaintiff Rene Lira damages and costs. [RP 13] This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Unpersuaded, we deny the motion to amend as moot and affirm.

**{2}** We begin by examining Defendant's motion to amend the docketing statement. Rule 12-210(D)(2) NMRA provides for the filing of motions to amend following this Court's notice of proposed summary disposition, stating that this Court "may, for good cause shown, permit the appellant to amend the docketing statement or the statement

of the issues." In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause or excuse by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309.

{3}     In the case at hand, Defendant's motion to amend the docketing statement does not seek to add any additional issues. In fact, this motion to amend and memorandum in opposition assert the same five appellate issues that the docketing statement raised. [DS PDF 2] Instead, Defendant seeks to amend his "[s]tatement of [a]ppellate [i]ssues" and "[r]eform into a [d]ocketing [s]tatement." [MIO 2] Defendant asserts that the "opportunity to provide a docketing statement rather than the [s]tatement of [a]ppellate [i]ssues may offer [Defendant] a cogent form to use, and allow him to bring the facts together for the Court['] review." [MIO 3] However, this Court already construed Defendant's statement of appellate issues as a docketing statement, and considered the issues that appeared therein. There is no cause to "reform" the initial pleading in this appeal. Instead, at this time, a motion to amend may be filed to request this Court to consider additional issues and a memorandum in opposition may be filed "setting forth reasons why the proposed disposition should or should not be made and why the case should or should not remain assigned to the summary calendar." Rule 12-210(D)(2). Because this Court already construed Defendant's statement of appellate issues as a docketing statement, there is no good cause for this Court to grant a motion to amend for purposes of "reforming" the opening pleading, and thus, this Court denies the motion to amend as moot.

{4}     As to Defendant's memorandum in opposition, this Court issued a calendar notice proposing to affirm, generally because we were unable to discern the relief Defendant sought and the grounds on which that requested relief was based, given a lack of clarity in Defendant's docketing statement and Defendant's failure to adequately develop or identify what his arguments on appeal may be.

{5}     Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition. In Defendant's memorandum in opposition, Defendant repeats the identical five issues that he previously raised, and yet has not asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{6}**     To the extent that Defendant now provides this Court with case law that stands for principles of oral contracts, the statute of frauds, and detrimental reliance, it is still not clear how Defendant supposes these principles pertain to this dispute. [MIO 5-6] This Court cannot discern how the metropolitan court might have applied, or failed to apply, these doctrines of contract law to the case at hand, and thus, this Court cannot conclude that there was any error below. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We have long held that to present an issue on appeal for review, an appellant must submit argument and authority as required by rule. . . . Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal."); *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)).

**{7}**     Accordingly, we affirm.

**{8}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**